# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDELL FISHER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-246-BAJ-RLB** |
| **WASTE MANAGEMENT OF LOUISIANA, LLC, D/B/A WOODSIDE LANDFILL, ET AL.** | |

## ORDER

Before the Court is Plaintiffs' Motion to Quash Subpoena Duces Tecum Served on Louisiana Department of Motor Vehicles (R. Doc. 21) filed on August 16, 2018. The deadline for filing an opposition has not expired. LR 7(f). Because the subpoena facially violates the Court's scheduling order, there is no need for additional briefing.

The Court originally set February 29, 2018 as the deadline to complete all non-expert discovery and to file related motions. (R. Doc. 12).

On January 12, 2018, the parties filed a Joint Motion to Continue Certain Pre-Trial Deadlines, indicating that additional time to conduct discovery was required, in part, to seek documents from third parties through subpoenas. (R. Doc. 16). The Court granted the motion and set July 30, 2018 as the new deadline to complete all non-expert discovery and to file related motions. (R. Doc. 17).

On July 30, 2018, Defendants issued a Rule 45 subpoena seeking the production of certain documents by the Louisiana Department of Motor Vehicles in New Orleans, Louisiana, by August 20, 2018 at 9:00 a.m. (R. Doc. 21-3).

On August 15, 2018, Plaintiffs filed a Motion to Quash the subpoena asserting that it sought irrelevant information. (R. Doc. 19). The Court denied the motion on the basis that it did not provide a copy of the subpoena at issue, further ordering any new motion to "indicate, if possible,

when the subpoena was issued and served, and whether it corresponds with the Court's deadlines regarding discovery in this matter." (R. Doc. 20).

On August 16, 2018, Plaintiffs filed the instant Motion to Quash, which attaches a copy of the subpoena. (R. Doc. 21). Plaintiffs indicate that they "are unaware as to the date the subpoena was served" and "are not asserting any untimeliness objections in connection with this subpoena." (R. Doc. 21-1 at 2).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction. . . ." Fed. R. Civ. P. 45(d)(1). This is not the court for the district where compliance is required with regard to the instant subpoena. Nevertheless, as "the court where the action is pending," this Court has the authority to issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Furthermore, this Court has the authority to enforce its discovery deadlines. *See* Fed. R. Civ. P. 16(b).

While Plaintiffs do not take any issue with the untimeliness of the instant subpoena, the Court does. Accordingly, the Court will quash the subpoena on the basis that it was issued on the final day allowed to conduct non-expert discovery, and seeks compliance approximately three weeks after the close of non-expert discovery. The Local Rules provide that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). This Court has expressly held that a subpoena served before the applicable discovery deadline is nevertheless untimely if the date of compliance is beyond the discovery deadline. *See*, *e.g.*, *Sandifer v. Hoyt*

*Archery, Inc.*, No. 12-322, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline."); *see also Hall v. State of Louisiana*, No. 12-657, 2014 WL at 2560715, at *1 (M.D. La. June 6, 2014) (discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).

Considering that Defendants did not seek an extension of the non-expert discovery deadline prior to the issuance and service of the instant subpoena, and in advance of the expiration of the applicable deadline,[1] the Court does not find good cause for extending the discovery deadline with regard to the instant subpoena. *See* Fed. R. Civ. P. 16(b)(4).

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Quash Subpoena (R. Doc. 21) is **GRANTED**. The subpoena served on the Louisiana Department of Motor Vehicles (R. Doc. 21-3) is **QUASHED**.

**IT IS FURTHER ORDERED** that defense counsel shall send a copy of this Order to the Louisiana Department of Motor Vehicles within **1 day** of receipt of this Order.

Signed in Baton Rouge, Louisiana, on August 16, 2018.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] As provided in the Scheduling Order, "a motion to extend any deadline set by this Order must be filed before its expiration." (R. Doc. 12 at 3).