UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WENDELL FISHER AND TONYA FISHER        CIVIL ACTION

VERSUS

WASTE MANAGEMENT OF LOUISIANA,        NO.: 17-CV-00246-BAJ-RLB
LLC D/B/A WOODSIDE LANDFILL AND
WASTE MANAGEMENT NATIONAL
SERVICES, INC.

### RULING AND ORDER

Before the Court is Starr Indemnity & Liability Company's ("Intervenor") Motion for Appeal and Objections to Magistrate Judge's November 2, 2018 "Order" (Doc 69) Denying Leave to Submit Petition for Intervention for Declaratory Judgment by Crum & Forster Specialty Insurance Company. **(Doc. 80)**[1]. Oral argument is not required. For reasons stated below, the Magistrate Judge's **Order (Doc. 69)** is converted to a Report and Recommendation. The Court **ADOPTS** the Report and Recommendation herein, and **DENIES** Intervenor's motion.

I.    **BACKGROUND**

On August 2, 2016, Wendell Fisher ("Plaintiff") sustained injuries at Woodside Landfill. (Doc. 1-1 at p. 6). Plaintiff alleges his injuries were caused by the negligence of Waste Management of Louisiana, LLC d/b/a/; Woodside Landfill, and Waste

---

[1] As noted, despite its status as a "proposed intervenor" in this matter, the Court will identify Starr Indemnity & Liability Company as "Intervenor" for the purposes of this Ruling and Order.

Management National Services, Inc. ("Defendants"). (Doc. 1-1 at p. 7). On March 24, 2017, Plaintiff filed a claim in the 19th Judicial District Court of Louisiana. (Doc. 1 at p. 1). On April 21, 2017, Defendants removed the case to this Court. On September 20, 2018, Intervenor filed a Motion for Leave to File Petition for Intervention for Declaratory Judgment. (Doc. 34). The Magistrate Judge issued an Order denying Intervenor's Motion. (Doc. 69). Presently before the Court is Intervenor's Motion for Appeal and Objections to the Magistrate Judge's order. (Doc. 80).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 72 confers upon Magistrate Judges the responsibility to make determinations or recommendations for pretrial matters. Magistrate Judges can hear, decide, and issue orders for pretrial matters that are not dispositive of a party's claim. Fed. R. Civ. Pro. 72(a). However, when a pretrial matter concerns a matter that is dispositive of a claim or defense, the Magistrate Judge may only make recommendations. Fed. R. Civ. Pro. 72(b)(1). The distinction between dispositive and non-dispositive matters impacts the district court's standard of review. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016). Magistrate Judge's orders on non-dispositive matters are reviewed under the standard of "clearly erroneous" or "contrary to law;" whereas, a recommendation on dispositive matters are subject to a *de novo* review. *Id.*

Circuits are divided on the issue of whether motions to intervene are dispositive of an intervenor's claim or defense. *See N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993) (holding a motion to intervene is

dispositive); *Day v. Persels & Associates, LLC*, 729 F.3d 1309, 1322 (11th Cir. 2013) (holding a motion to intervene is dispositive); *People Who Care v. Rockford Bd. of Educ.*, 171 F.2d 1083, 1089 (7th Cir. 1999) (holding a motion to intervene is not dispositive).

## III. DISCUSSION

Here, Intervenor argues that the Magistrate Judge erred in issuing the recommendation as an order as opposed to a report and recommendation. (Doc. 80-1). Intervenor further argues that the Court should convert the Magistrate Judge's order into a report and recommendation, and review its arguments *de novo*. (*Id.*). Intervenor has not presented any case law from this Circuit addressing whether a motion to intervene is a dispositive motion. Nonetheless, the Court is influenced by the sound reasoning from the Eleventh Circuit Court of Appeals holding that a motion to intervene is a dispositive motion. *See Day*, 729 F.3d at 1322 (11th Cir. 2013). Therefore, the Magistrate Judge's Order denying Intervenor's motion is viewed as a Report and Recommendation subject to a *de novo* review. *Davidson*, 819 F.3d at 765.

Intervenor raises three objections. (Doc. 80-1 at p. 2). First, Intervenor objects to the Magistrate Judge's finding that its motion to intervene is untimely. (*Id.*). The Court agrees with the Magistrate Judge that "timeliness is largely within the district court's discretion." *Howse v. S/V Canada Goose I*, 641 F.2d 317, 320 (5th Cir. Unit B 1981). Further, Intervenor has provided no reasons other than those first presented in its motion to intervene to excuse its untimeliness.

3

Second, Intervenor challenges the Magistrate Judge's finding that intervention would lead to undue prejudice. (Doc. 80-1 at p. 2). Specifically, the Magistrate Judge found intervention at this stage would require a continuance of the trial.[2] (Doc. 69 at p. 3). Intervenor argues that a continuance is not necessary, and that their interest would be protected by a bifurcated trial after the matter currently before the Court. (*Id.*). The Court concurs with the Magistrate Judge that Intervenor has still failed to "demonstrate that its 'interest' in this case would be potentially impaired if the main action is resolved without it." (Doc. 69 at p. 4).

Third, Intervenor asserts it has a cognizable interest founded in substantive Louisiana law. (Doc. 80-1 at p. 2)[3]. However, Intervenor still fails to show how the denial of intervenor status would preclude it from seeking declaratory relief in a separate lawsuit. (Doc. 69 at p. 4).

For the foregoing reasons, and having carefully considered the underlying motion and related filings, the Court construes the Magistrate Judge's Order as a Report and Recommendation and adopts it as its opinion herein.

## IV. CONCLUSION

Accordingly,

The Court shall receive the Magistrate Judge's Order (Doc 69) as a Report and Recommendation.

---

[2] Plaintiff and Defendant have entered into a settlement agreement on the remaining claims in this case. (Doc. 88). The only matter remaining is the motion *sub judice*.

[3] Intervenor cites *ASI Federal Credit Union v. Leotran Armored Security, LLC*, 18-341, **5-6 (La.App 5 Cir. 11/7/18) to support its argument that it has a cognizable interest in intervention.

4

IT IS ORDERED that the **Magistrate Judge's Order (Doc. 69)** is **ADOPTED** as the Court's opinion herein.

IT IS FURTHER ORDERED that the **Motion for Appeal and Objection (Doc. 80)** is **DENIED**.

Baton Rouge, Louisiana, this 27th day of June, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**